**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Matthew B. SHIVERS, Defendant–Appellant.**

**No. 05–14426**

**Non–Argument Calendar.**

**D.C. Docket No. 05–00005–CR–4–RH.**

United States Court of Appeals, Eleventh Circuit.

Jan. 31, 2006.

Chet Kaufman, Randolph P. Murrell, William Rourk Clark, Jr., Ofc. of the Federal Public Defender, Tallahassee, FL, for Appellant.

Terry Flynn, U.S. Attorney's Office, N.D. of Florida, E. Bryan Wilson, Tallahassee, FL, for Appellee.

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Matthew B. Shivers appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). Relying on our decision in *United States v. Maxwell*, 386 F.3d 1042 (11th Cir.2004), *cert. granted and judgment vacated* — U.S. ——, 126 S.Ct. 321, 163 L.Ed.2d 29, *cert. denied*, — U.S. ——, 126 S.Ct. 85, 163 L.Ed.2d 104, Shivers contends that the indictment should have been dismissed on the ground that 18 U.S.C. § 922(g) is an unconstitutional exercise of Congress' commerce power.

Our decision in *Maxwell* is inapposite since the Supreme Court has vacated it and remanded the case for further consideration in light of its holding in *Gonzales v. Raich*, 545 U.S. ——, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005). Moreover, both before and since our decision in *Maxwell*, we have held repeatedly that 18 U.S.C. § 922(g) is constitutional. *See e.g. United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996) (holding that 18 U.S.C. § 922(g) is constitutional because the firearm in question had once traveled in interstate commerce); *United States v. Wright*, 392 F.3d 1269, 1280 (11th Cir.2004), *cert. denied*, — U.S. ——, 125 S.Ct. 1751, 161 L.Ed.2d 615 (2005). Shivers's conviction is therefore due to be affirmed.

AFFIRMED.